NATHANIEL B. WINSLOW *versus* JAMES J. MORRILL *and others.*

Where a part of one town has been set off by Act of the Legislature to another, with a proviso that the part so set off shall pay their proportion of certain debts and liabilities of the town from which they are separated, to be assessed and collected in the same manner and by the same persons as though the Act had not passed, this does not authorize the assessment and collection of a separate tax on that section for the payment of its proportion.

In such a case, the inhabitants of the territory set off cannot be required to pay their proportion of the liabilities sooner than the other part of the town, but are entitled to be assessed at the same time and in the same manner.

Assessors having no power to assess the inhabitants of another town for property situate in that town, but the persons set off are to be treated, under the provisions of the Act, as still inhabitants of the original town, for the purposes of the assessment.

TRESPASS. ON REPORT by HATHAWAY, J.

The defendant Morrill was collector of taxes in the town of Strong, and the other defendants were the assessors, for the year 1857. The action was brought April 5, 1858, for trespass in the assessment and collection of a tax against the plaintiff, he being an inhabitant of New Vineyard.

By a special Act of the Legislature, passed March 28, 1856, certain territory, with the inhabitants thereon, was set off from Strong, and annexed to New Vineyard. The second section of the Act provided as follows: —

" The inhabitants of the territory hereby set off, shall be

holden to pay all the taxes which have been legally assessed upon them; and also their proportion of all the corporate debts and liabilities of said town of Strong, at the time this Act shall take effect, including their portion of the expense of completing the bridge across the Sandy river, in said town of Strong, voted to be built and now in process of construction, by said town; and also their portion of the expense of opening and making passable a certain county road extending from the river road, so called, on the west side of said river, in said town, in a westerly direction, to the west line of said town, located and accepted within two years last past, by the county commissioners for the county of Franklin; *provided*, the same is not discontinued, to be assessed according to the valuation of said town for the year eighteen hundred and fifty-five; and taxes already assessed, as well as those hereafter to be assessed upon said inhabitants so set off, may be collected in the same way and manner, and by the same persons, as if this Act had not been passed."

The plaintiff was an inhabitant of that part of Strong which was annexed to New Vineyard.

It appeared in evidence, that, after the passage of the special Act, the inhabitants of Strong caused an estimate of the liabilities embraced in the Act to be made, amounting to nearly $8000; and, at a town meeting held March 9, 1857, the town voted "to raise the sum of six hundred dollars, to be assessed on the inhabitants of that part of New Vineyard which formerly belonged to Strong, and was set off agreeably to an Act entitled an Act to set off certain lands from the town of Strong, and annex the same to the town of New Vineyard, approved March 28, 1856."

The assessors, in accordance with this vote, made a separate valuation of the territory in question, and assessed upon the polls and estates embraced in the valuation the sum of $617,69, including overlayings, and committed the same to J. J. Morrill, collector of taxes for the town of Strong for that year, for collection. Included in the tax, thus assessed and committed, was the sum of $23,50 assessed to the plaintiff.

This sum was demanded of the plaintiff by the collector and afterwards paid, and this action of trespass brought.

The defendants pleaded the general issue, with a brief statement, setting forth their official character, the Act of the Legislature, the vote of the town, &c.

The case was taken from the jury, and submitted to the full Court, with power to render judgment by nonsuit or default, according to the legal rights of the parties, on so much of the evidence as was legally admissible; and, if by default, then for the amount of taxes and costs paid by the plaintiff, and interest thereon.

*S. Belcher,* for the plaintiff, argued that the town of Strong could not assess on the polls and estates set off except as they assessed in the same proportion on the polls and estates remaining in Strong. Nor could they assess and collect the proportion of the part set off by installments, as they attempted to do. If Strong has any claim upon that territory, the proper remedy is not by taxation, but by some mode by which both parties may have a voice in ascertaining the equitable amount to be paid.

Towns derive all their powers from legislative enactments. The tax complained of was not voted for a legal object.

The assessment being illegal, both the assessors and collector are personally liable. 12 Maine, 378; 2 Maine, 375; 15 Mass., 144; 15 Pick., 44.

*P. M. Stubbs* and *O. L. Currier,* for the defendants, contended that the Legislature, in dividing towns, have the power to equalize the burdens as they have done in this instance, and the plaintiff, having enjoyed the benefit of the change made by the Act, is bound by its provisions. The Courts should give such a construction to the Act as will enable the town of Strong to execute it. *Brewster* v. *Harwich,* 4 Mass., 280. Where a statute creates a power, and prescribes the mode of executing it, it can be executed only in that mode. *A. & M. Turnpike* v. *Gould,* 6 Mass., 44. A statute is to be construed according to its intent. *Gove* v. *Brown,* 3 Mass.;

540; *Pease* v. *Whitney*, 5 Mass., 380; *Stone* v. *Pierce*, 7 Mass., 458; *Gilson* v. *Jenney*, 15 Mass., 205.

In § 2 of the Act to set off part of Strong, the Legislature evidently *intended* to charge the part set off with their proportion of the debts and liabilities of Strong, and to provide for the assessment and collection of the amount.

Private statutes should be construed as the parties understood them at the time. How this was understood, is shown by the fact that $800 were assessed on the plaintiff and other inhabitants of the same territory in 1856, and the whole voluntarily paid.

The assessors, acting in the discharge of their duty, are not personally liable. R. S., 1841, c. 14, § 56; *Powers* v. *Sanford*, 39 Maine, 183; *Trim* v. *Charleston*, 41 Maine, 504; *Patterson* v. *Creighton*, 42 Maine, 367, 380. Nor the collector. § 8; *Sprague* v. *Bailey*, 19 Pick., 436; *Ford* v. *Clough*, 8 Maine, 334.

The case does not show that the assessors assessed upon this territory *faster* than upon the polls and estates remaining in Strong; but, if so, it was by the consent and choice of the plaintiff and his associates in procuring the separation to be made. The assessment was to be made on the valuation of 1855, and, therefore, the sooner made the less inconvenience would be suffered.

The opinion of the Court was drawn up by

APPLETON, J.—By the private Act passed March 28, 1856, c. 635, § 1, a portion of the territory of the town of Strong was set off to and made a part of New Vineyard.

By § 2, it is provided that " the inhabitants of the territory hereby set off shall be held to pay all the taxes which have been legally assessed upon them," * * * * and " their proportion of all the corporate debts and liabilities of Strong at the time this Act shall take effect," including certain expenses of bridges and roads, and " to be assessed according to the valuation of said town for 1855, and taxes already assessed, as well as those hereafter to be assessed, upon said inhabi-

tants so set off, may be collected *in the same way and manner*, *and by the same persons*, as if this Act had not been passed."

By the Act of annexation, the plaintiff, who resided upon the territory thus set off, became an inhabitant of New Vineyard.

The assessors of one town have no right to assess the inhabitants of another town for their real or personal estate situated in the place of their residence. The assessors of Strong cannot assess the inhabitants of New Vineyard. The right to assess and collect, so far as they exist, must arise from the peculiar circumstances of the case.

If the plaintiff is liable to be assessed for the liabilities of Strong, mentioned in § 2, it is only because, for certain purposes, he is still to be regarded as an inhabitant thereof.

Assuming then, that, for certain purposes, it was the intention of the Legislature, that those residing upon the territory set off were to be regarded as still remaining inhabitants of Strong, till the debts and liabilities specified in § 2 should be assessed and paid, it is apparent that the assessment, as made, and its attempted collection, are not within the authority conferred by the statute.

All assessments, as well those then existing as those thereafter to be made, are to "be collected *in the same* way and manner, and by the same persons, as if this Act had not been passed." The collection implies a precedent assessment. The collection is to be made as if no Act had been passed. But if the Act had not been passed, it would not have been competent for the assessors to make an assessment upon a portion of the inhabitants, leaving the residue not assessed. If a tax for general objects is to be assessed, the assessment must be upon all, not upon different portions of the inhabitants, and payable at different times. The assessment should have been made without regard to the separation and consequent annexation. Instead of doing this, the assessment seems to have been upon the inhabitants of the territory set off, and not upon all the inhabitants of Strong.

If it be competent for the Legislature to confer the author-

ity given, and it seems to have been done in repeated instances, it is very clear that it has not been pursued. The assessment, in its terms, was fractional. But if this can be done, one portion of the inhabitants may be compelled to pay sooner than the residue. Those set off were entitled to be included in an assessment, in the same manner as the other inhabitants. This has not been done. The defendants fail, therefore, in their justification. *Defendants defaulted.*

TENNEY, C. J., and RICE, GOODENOW, DAVIS, and KENT, JJ., concurred.